IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **CRIMINAL NO. 5:13-CR-50 (MTT)** |
| v. : | |
| : | |
| **ROBERT J. SHUBERT, SR.** : | |
| : | |

### FINAL ORDER OF FORFEITURE

WHEREAS, the Defendant, Robert J. Shubert, Sr., pled guilty pursuant to a written Plea Agreement to Count One of the Superseding Information, charging him with Conspiracy to Violate the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, the International Traffic in Arms Regulations, 22 C.F.R. §§ 123.1 and 127.1, International Emergency Economic Powers Act, 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations, 31 C.F.R. §§ 560.203 and 560.204, all in violation of 18 U.S.C. § 371; Count Four, a substantive AECA violation; and Count Thirty-Two, Possession of An Unregistered Destructive Device, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.

WHEREAS, pursuant to the Plea Agreement, the Defendant agreed to forfeit of one hundred forty-seven thousand, eight hundred and ninety-two dollars ($147,892.00) to the United States in the form of a personal money judgment, and the Government's intent seeking a final order of forfeiture, representing the proceeds of Defendant's offense, (hereinafter "Subject Property");

WHEREAS, the Defendant agreed to waive the provisions of the Federal Rules of Criminal Procedure 11(b)(1)(J), and 43(a) with respect to notice in the Indictment, that the Government will seek forfeiture as part of any sentence in this case, and agreed that entry

of this Order shall be made a part of the sentence, in or out of the presence of the Defendant, and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. Fed. R. Crim. P. 32.2(c)(1).

4. To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the Subject Property on the Government's internet website, *www.forfeiture.gov*. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property,

state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition.  See Fed. R. Crim. P.32.2(b)(6).

5. Any person, other than the above named Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. ' 853(n), as incorporated by 28 U.S.C. ' 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall be final as to the Defendant. At the time of sentencing the forfeiture was made part of the sentence and shall be included in the judgment.

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the

period provided in 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c) for the filing of third party petitions.

10.   As issued this date, this Order consists solely of a judgment for a sum of money for which the Defendant shall remain liable until the judgment is satisfied. The Court shall retain jurisdiction, however, to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P 32.2(e), if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

So ORDERED, this 22nd day of October, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT


PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.   052683